UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATALEE KATRIN B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 2:26-CV-1749-DWC

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION DENYING BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for Supplemental Security Income ("SSI") benefits.[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not entirely credible. Had the ALJ properly considered Plaintiff's testimony, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## I. Factual and Procedural History

On February 6, 2023, Plaintiff filed an application for SSI benefits, with an alleged disability onset date of June 7, 2007. *See* Dkt. 7, Administrative Record ("AR") 17. The application was denied on initial administrative review and reconsideration. AR 17. A hearing was held before ALJ Evangeline Mariano-Jackson on November 20, 2024. AR 40-71. Following the hearing, the ALJ determined Plaintiff was not disabled. AR 17-33. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. AR 1-6; *see* 20 C.F.R. § 416.1481. Plaintiff now appeals the ALJ's decision finding Plaintiff not disabled.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly evaluate Plaintiff's subjective statements. Dkt. 10, p. 1. This is the sole issue on appeal. Plaintiff requests the Court remand this case for further administrative proceedings. *Id.*

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a

ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

**III. Discussion**

A. *Credibility*

Plaintiff contends the ALJ erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's subjective symptom testimony not entirely credible. Dkt. 10, p. 1. Although Plaintiff alleged both physical and psychological problems, Plaintiff's physical limitations are the only issue on appeal. Dkt. 14, p. 3.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider if a claimant's complaints are "inconsistent with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition,

the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.

*i. Plaintiff's Subjective Allegations*

Plaintiff completed a Function Report – Adult on December 11, 2022, and November 22, 2023, respectively. AR 292-298, 336-343. Plaintiff's allegations in both reports were similar. Plaintiff reported hereditary spherocytosis,[2] which caused chronic fatigue, memory issues, dizzy spells, elevated heartrate, and other symptoms. AR 291, 335. Plaintiff had difficulty walking and doing tasks for long periods of time, fainted multiple times, and needed to rest often. *Id.* Plaintiff stated that physical activity, including squatting, bending, pushing, reaching and kneeling, caused fatigue and dizziness. AR 296, 340. Often using a cane, Plaintiff required breaks every one to two blocks for longer distances. *Id.* AR 340.

During the hearing, Plaintiff testified having a high school diploma and two and a half years of community college. AR 43. Plaintiff intended to transfer to a four-year college, but had been unable to do so because the impairments prevented the taking of a full courseload. AR 45-46. At the time of the hearing, Plaintiff was taking two classes and had dropped a third due to fatigue. AR 46. Plaintiff also had several accommodations to aid with school, including extended testing time, the ability to step out of class when needed, flexibility on absences, and time to catch up on missing work. AR 47. Although Plaintiff had accommodations, the submission of work was late or wasn't turned in at all led to failed classes. AR 52.

---

[2] Hereditary spherocytosis is an inherited blood disorder that causes the premature breakdown of red blood cells. *Hereditary Spherocytosis,* Cleveland Clinic (January 26, 2026), https://my.clevelandclinic.org/health/diseases/23058-hereditary-spherocytosis. The condition can vary in severity, but common symptoms include fatigue, fast heartbeat, pale skin, and shortness of breath. *Id.* It can also cause an enlarged spleen. *Id.*

Plaintiff had a spleen removal as a result of Plaintiff's hereditary spherocytosis. AR 47. Plaintiff appeared at the hearing with a cane, which was needed because of ongoing abdominal and leg pain. *Id.* Plaintiff's cane also allowed standing up slowly, which helped reduce fainting episodes. AR 55.

Plaintiff also suffered from migraine headaches. AR 52-53. Plaintiff's migraines caused sensitivity to light, brain fog, and pain. AR 53-54. They also made managing other conditions more difficult. AR 53. Plaintiff took Topiramate for migraines, which stopped working after a while. AR 54. Plaintiff routinely had mild headaches, but three or four times a week experienced debilitating headaches that prevented focusing on or attending school. AR 57-59.

*ii. ALJ's Findings*

The ALJ found there was "no persuasive corroborating evidence" supporting the "duration, frequency, [and] intensity of symptoms and limitations alleged" by Plaintiff. AR 25. In particular, the ALJ stated there was "no objective evidence of physiological abnormality reasonably expected to result in the degree of limitation alleged." *Id.* The ALJ further determined that Plaintiff's allegations were undermined by Plaintiff's "routine and conservative treatment." *Id.* The ALJ then listed a series of activities that she presumably felt detracted from Plaintiff's statements. *Id.* The ALJ erred in regard to this reasoning.

First, the ALJ's finding that there was "no objective evidence" that could result in the degree of limitation alleged was not supported by the record. Contrary to this conclusion, the ALJ herself found hereditary spherocytosis and migraines to be medically determinable severe impairments at step two, which required that those conditions be established by objective evidence. AR 20; *see* 20 C.F.R. § 416.921 (where a medically determinable impairment "must be established by objective medical evidence from an acceptable medical source."). Plaintiff's

hereditary spherocytosis, for example, was established by blood testing and required surgical spleen removal. AR 510. The ALJ also determined Plaintiff's hereditary spherocytosis and migraines, in combination, limited Plaintiff to light work. AR 28. This limitation was "due primarily to fatigue from hereditary spherocytosis." *Id.* Although Plaintiff alleged limitations more limited than the ALJ found, the ALJ's acknowledgment of these conditions, and that they negatively impacted Plaintiff's functioning, contradicted the conclusion that there was "no objective evidence" that could support Plaintiff's claimed limitations.

Defendant argues the ALJ's finding was supported by "the consultative examination report of Alie Sanei Moghaddam, M.D., who found full strength in all of Plaintiff's extremities and opined that she could do a restricted range of light work." Dkt. 13, p. 3. The ALJ, however, did not specifically rely on Dr. Moghaddam's report when rejecting Plaintiff's allegations. AR 25. Instead, the ALJ referenced Dr. Moghaddam's examination favorably when determining Plaintiff's need for a cane was supported by the record. AR 25 (citing Ex. 6F/3). The ALJ included Dr. Moghaddam's examination in a summary of the medical evidence, AR 26-27, but "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Rather, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834. The ALJ's reasoning does not meet this standard.

Second, the ALJ erred in finding Plaintiff's "routine and conservative treatment" contradicted Plaintiff's allegations. AR 25. On appeal, Defendant notes Plaintiff treated migraines with medication, and that Plaintiff's physician recommended occupational therapy and physical

therapy. Dkt. 13, p. 5. But the ALJ only identified this evidence while summarizing the medical record in support of the RFC. AR 26-28; *see Brown-Hunter*, 806 F.3d 487 at 489. Moreover, this argument ignores that Plaintiff's hereditary spherocytosis caused the surgical spleen removal, AR 510, and that Plaintiff needed five or six blood transfusions to treat the condition. AR 954. Neither of these treatment modalities were routine or conservative. While Plaintiff received medication for migraines, that medication ultimately proved ineffective. AR 1406 (describing migraines as "chronic" and "uncontrolled" despite medication), 1468 (Plaintiff reporting "the topiramate stopped working"). Plaintiff's treatment history did not contradict Plaintiff's subjective statements.

Third, the ALJ listed a series of activities that she presumably felt detracted from Plaintiff's allegations. AR 25-26. However, because the ALJ did not explain "*which* daily activities conflicted with *which* part of [Plaintiff's] testimony," the ALJ erred in this reasoning. *Burrell*, 775 F.3d 1113, 1138 (9th Cir. 2014). In addition, many of the activities the ALJ relied on – including that Plaintiff walked for short distances, read, drew, and watched TV – do not detract from Plaintiff's statements. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (noting claimant's need not "vegetate in a dark room" to qualify for disability"). And although Plaintiff attended community college, Plaintiff did so with a number of accommodations, including the freedom to step out of class or not attend, if necessary. AR 47. Plaintiff also had a reduced class load; at the time of the hearing, Plaintiff had recently dropped a class due to fatigue. AR 47. Plaintiff's community college attendance does not, therefore, contradict Plaintiff's statements.

For the above stated reasons, the Court finds the ALJ failed to provide a specific, clear, and convincing reason for finding Plaintiff's subjective symptom testimony not entirely credible. Accordingly, the ALJ erred.

*iii. Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Plaintiff alleged greater limitations than those included in the RFC determination. For example, Plaintiff alleged difficulty walking and doing tasks for long periods of time. Frequent rest was needed, and many physical activities caused increased fatigue and dizziness. Plaintiff also had difficulty attending community college when symptoms were severe. Had the ALJ properly considered Plaintiff's subjective testimony, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. Notably, the vocational expert testified that an individual who missed two or three workdays per month would be unable to retain employment. AR 69. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**IV. Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Plaintiff does not ask this Court to remand for an award of benefits. Dkt. 10, p. 1. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of October, 2026.

David W. Christel
United States Magistrate Judge